IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MAURICE ADONIS WITHERS,

                Petitioner,                OPINION AND ORDER

v.

                                                21-cv-595-wmc
                                                16-cr-5-wmc

UNITED STATES OF AMERICA,

                Respondent.

Under 28 U.S.C. § 2255, Maurice Withers seeks post-conviction relief from his 2017 convictions for multiple counts of sex trafficking in violation of 18 U.S.C. § 1591. (Dkt. #1.)  His petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2255 Cases.  Rule 4 provides that,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Withers raises three grounds for relief: (1) he is innocent of his convictions under 18 U.S.C. § 1591(a) because the statute only applies to sex trafficking of minors; (2) trial counsel was ineffective for not objecting when the district court constructively amended the indictment by instructing the jury that it could convict him on Counts 1, 3, 4, and 9 with reckless intent; and (3) appellate counsel was ineffective for not raising stronger arguments.  Because it is plain that petitioner is not entitled to relief on any of these grounds, the court will deny Withers' § 2255 motion and deny his motion for appointment of counsel (dkt. #3) as moot.

## BACKGROUND[1]

### A. Indictment and Trial Proceedings

In a superseding indictment, the government charged Withers with nine counts of sex trafficking. (CR dkt. #54.)[2] In particular, Counts 1, 4, and 9 of the superseding indictment alleged that he knowingly recruited, enticed, harbored, and transported women across state lines while knowing that force, threats of force, coercion, or any combination of such means would be used to cause them to engage in commercial sex acts in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1). (*Id.*) Count 3 also charged Withers with attempted sex trafficking of a woman in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1) and 1594(a). (*Id.*)

Withers' original criminal case proceeded to trial, and after the close of evidence, the court instructed the jury on the law. As to Counts 1, 3, 4, and 9, the court instructed the jury that the government had to prove that Withers "either knew or recklessly disregarded" the fact that force, or threats of force, or coercion, would be used to cause the victims to engage in a commercial sex act. (Tr. 4p (CR dkt. #163) 19:14-18, 21:16-19.) Ultimately, the jury returned guilty verdicts on all nine counts (CR dkt. #137), and the court sentenced him to a total of 216 months' imprisonment followed by a life term of supervised release. (CR dkt. #188.)

---

[1] Unless otherwise noted, the facts are drawn from the Seventh Circuit's decision in *United States v. Withers*, 960 F.3d 922 (7th Cir. 2020).

[2] The court will use "Dkt." to indicate docket entries in this § 2255 case and "CR dkt." to indicate docket entries in his original criminal case.

## B. Direct Appeal

Withers appealed his convictions for Counts 1, 3, 4, and 9, arguing for the first time that the district court constructively amended the superseding indictment when it incorrectly allowed the jury to consider "reckless[ ] disregard" as a *mens rea* element. *Withers*, 960 F.3d at 929. Reviewing for plain error, the Seventh Circuit concluded that "[i]t was error for the jury to be able to consider the trial evidence at the lesser, presumably easier to satisfy standard of 'recklessly disregarded.'" *Id.* at 931-32. Even so, the Seventh Circuit determined that "the evidence at Withers' trial did not prove a new or different crime," concluding that the evidence "demonstrated overwhelmingly that Withers knew—not just merely recklessly disregarded—that his conduct caused the women to engage in prostitution." *Id.* at 932. In sum, the court of appeals concluded that, because of the overwhelming evidence of Withers' knowledge, "the erroneous jury instructions did not impact Withers' substantial rights or otherwise prejudice his trial" and affirmed his convictions. *Id.* at 934.

## OPINION

Relief under 28 U.S.C. § 2255 may only be granted if there is "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2007) (quotation marks omitted). Generally, a claim may not be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Therefore, claims omitted on direct appeal may be considered on collateral review *only* if the movant can show: (1) good cause

for his failing to raise the issue previously and actual prejudice from the alleged error; *or* (2) his actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). This rule does not apply, however, to claims for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding that an ineffective assistance of counsel claim can be raised in a § 2255 proceeding, "whether or not the petitioner could have raised the claim on direct appeal"). Applying these guidelines, the court addresses petitioner's three grounds for relief separately below.

I. **Sex-Trafficking Convictions**

Petitioner first argues that he is innocent of his § 1591 convictions in counts 1, 3, 4, and 9 because, unlike in Counts 5 and 7, each of the victims were over 18. Citing to legislative history, petitioner argues that Congress only intended for § 1591 to criminalize prostitution of children, not adults. To begin, this ground for relief is arguably procedurally defaulted because petitioner could have, but did not raise this argument at trial or on direct appeal. However, even assuming that this claim had not been procedurally defaulted, it is meritless. In particular, § 1591(a) states in relevant part that:

> Whoever knowingly . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing, or, . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a).

4

While admittedly "not a model of clarity," this statute "unmistakably prohibits the sex trafficking of *anyone* when it occurs through force, fraud, or coercion, and the sex trafficking of minors in any circumstance." *United States v. Freeman*, No. 21-2907, 2023 WL 7271077, at *3 (7th Cir. Nov. 3, 2023) (emphasis added), *cert. denied*, 144 S. Ct. 1370, 218 L. Ed. 2d 436 (2024); *Campbell v. United States*, No. 16-CV-632, 2018 WL 8800054, at *5 (N.D. Ill. Oct. 9, 2018) (in the context of ineffective assistance of counsel claim, rejecting argument that § 1591(a) requires the person forced into a commercial sex act to be a minor). Petitioner also cites extensively to legislative history, but he has not made the "extraordinary showing" required for this court to depart from the plain language of the statute. *See Salinas v. United States*, 522 U.S. 52, 57 (1997) ("[o]nly the most extraordinary showing" of contrary legislative history justifies departing from plain language). Finally, to the extent that Withers asserts that § 1591(a) is unconstitutionally vague, the Seventh Circuit, albeit in an unpublished decision, has also rejected that argument. *Freeman*, 2023 WL 7271077, at *3.

Here, the indictment alleged, and the evidence at trial established, that Withers used force, threats of force, or coercion to traffic the victims in this case. For example, compelling evidence at trial showed that: Withers posted ads for his victims to perform commercial sex acts; arranged so-called "dates" for them; instructed them to "upsell" additional sex acts for more money; physically and emotionally abused them; threatened them; and controlled their phones and food, while making them financially dependent on him by taking all of the proceeds from their "dates." *Withers*, 960 F.3d at 932. Thus, Withers' first ground does not warrant relief.

## II. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, petitioner must demonstrate: (1) counsel's constitutionally deficient performance; and (2) actual prejudice because of the alleged deficiency. *Strickland v. Washington*, 466 U.S. 688, 687 (1984). A movant can only establish his counsel's ineffectiveness with a showing that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Under the first step of *Strickland*, the movant has the burden to overcome the presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Weaver v. Nicholson*, 892 F.3d 878, 885 (7th Cir. 2018) (quotation marks omitted). Once ineffectiveness is established, the movant must also show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This probability must be "sufficient to undermine confidence in the outcome." *Id.* Both of petitioner's ineffective assistance of counsel claims fail under these standards for the reasons addressed below.

### A. Trial Counsel

Petitioner argues that his trial counsel was ineffective for not objecting when the proof at trial did not conform to the charges in the indictment. In particular, he argues that the district court improperly instructed the jury that it could convict him of Counts 1, 3, 4, and 9 if the government proved that he either knew or acted with reckless disregard.

Even assuming that Withers' counsel was deficient for not objecting to this alternative instruction, he cannot show a reasonable probability that the outcome of his trial would have been different had counsel objected. To the contrary, the Seventh Circuit

6

has already held that the "[t]he record contains an enormous amount of proof of Withers' actual knowledge." *Withers*, 960 F.3d at 932. Indeed, the evidence at trial was overwhelming that Withers coerced the victims to engage in commercial sex acts by physically and sexually abusing them, and controlling their food, travel, and contact with others. *Id.* Thus, petitioner's ineffective assistance of trial counsel claim is meritless.

### B. Appellate Counsel

Petitioner also asserts that his appellate counsel was ineffective for not making the following, stronger arguments: (1) § 1591(a) does not apply to trafficking individuals 18 years of age or older; (2) the crime charged in the indictment had been altered at trial, and it was impossible to know whether the grand jury would have indicted him for the actually proven crime; (3) he had to be acquitted because the proof in the indictment did not conform to the charge; (4) the jury instructions inappropriately allowed jurors a third option for convicting him; and (5) amendment of an indictment at trial always requires reversal.

To establish that appellate counsel's performance was deficient, the defendant must show that his attorney was "objectively unreasonable in failing to find arguable issues to appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citation omitted). In other words, a movant must show that counsel "unreasonably failed to discover nonfrivolous issues" and raise them. *Id.* However, "[b]ecause appellate counsel is not required to raise every non-frivolous issue on appeal, appellate counsel's performance is deficient under *Strickland* only if [he] fails to argue an issue that is both obvious and clearly stronger than the issues actually raised." *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015) (quotation marks

7

omitted). "Proving that an unraised claim is clearly stronger than a claim that was raised is generally difficult because the comparative strength of two claims is usually debatable." *Id.* (quotation marks omitted). Even if he succeeds in showing that counsel was ineffective, petitioner must then establish prejudice by demonstrating a "reasonable probability" that "he would have prevailed on his appeal" but for his counsel's deficient performance. *Smith*, 528 U.S. at 285.

As an initial matter, petitioner has *not* shown that his appellate counsel failed to argue any obvious and clearly stronger issues than those actually raised. The court has already explained that § 1591(a) prohibits the sex trafficking of *anyone* when it occurs through force, fraud, or coercion. *Freeman*, 2023 WL 7271077, at *3. Petitioner's remaining arguments that he asserts counsel should have raised appear to be variations on the argument that appellate counsel did raise -- that "the jury was improperly allowed to consider a lesser mental state" -- and none of his proposed arguments show that appellate counsel was ineffective. *Withers*, 960 F.3d at 924. Further, his next three arguments are also meritless because the proof at trial *did* conform to the charges in the indictment. Specifically, the evidence showed that Withers knew his conduct caused women to engage in prostitution, and thus, it "did not prove a new or different crime." *Id.* at 932. It is also unclear how the incorrect, alternative instruction of intent or recklessness allowed the jury a *third* way of convicting him. Regardless, the incorrect instruction allowed for a second way to convict him (i.e., with reckless *mens rea*), but the overwhelming evidence at trial showed that Withers *knew* that his conduct caused the victims to engage in prostitution.

Finally, while the Seventh Circuit has stated that "broadening of the possible bases for conviction from that which appeared in the indictment is fatal" and "reversible per se," *United States v. Leichtnam*, 948 F.2d 370, 377 (7th Cir. 1991), the Seventh Circuit also reviews unpreserved constructive amendment arguments for plain error. *E.g.*, *United States v. Coleman*, 138 F.4th 489, 495 (7th Cir. 2025) (reviewing forfeited constructive amendment claim for plain error); *Withers*, 960 F.3d at 929-30. Thus, any argument that the erroneous jury instructions required automatic reversal would not have been successful. Accordingly, this ground does not warrant relief either.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2255 cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a movant. A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[.]" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529, U.S. 473, 483-484 (2000)). For all the reasons just discussed, Withers has not made such a showing. Therefore, a certificate of appealability will not issue.

ORDER

IT IS ORDERED that:

1) Maurice Withers' motion to vacate his sentence under 28 U.S.C. § 2255 (dkt. #1) is DENIED, and this matter is DISMISSED.

2) Withers' motion for appointment of counsel (dkt. #3) is DENIED as moot.

3) No certificate of appealability shall issue.

Entered this 14th day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge